IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALDA STEWART | : | |
| | : | |
| V. | : | CV-99-W-1383-S |
| | : | |
| BOOKER T. WASHINGTON INSURANCE COMPANY and BOOKER T. WASHINGTON BROADCASTING SERVICE, INC. | : | |

WEINER, J.[1]　　　　　　　　　　　　March 28, 2002

### MEMORANDUM OPINION AND ORDER

Plaintiff, Valda Stewart brought this action seeking money damages against two defendants, Booker T. Washington Insurance Company and Booker T. Washington Broadcasting Service, Inc. The complaint stated two causes of action naming both defendants in each count. The first was a sex discrimination/retaliation

---

[1] Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.



claim arising from Stewart's termination from employment from BTW Broadcasting. The second was a sex discrimination/failure to hire claim arising from the failure of BTW Insurance to hire Stewart after her termination from BTW Broadcasting. Following a jury trial, a verdict was returned in favor of Stewart against BTW Insurance on the two claims. The jury found no liability against BTW Broadcasting. Presently before the court is the motion of BTW Insurance seeking, alternatively, judgment as a matter of law, new trial or to alter or amend the judgment. For the reasons which follow, we grant the motion for judgment as a matter of law.

The evidence, taken in the light most favorable to the plaintiff demonstrated that in April 1996 Stewart filed an EEOC complaint alleging her supervisor Barry Williams had engaged in a pattern of sexual harassment because plaintiff refused to resume a sexual relationship with him. Stewart, an accountant, was employed by BTW Broadcasting at the time the harassment occurred, and at the time she filed her EEOC complaint. Previously, she had also been employed by another entity known as BTW Construction. All of these entities were part of the A. G. Gaston family of companies. There was no evidence presented that Stewart was employed by BTW Insurance on the date her employment was terminated. There was also no evidence presented that Stewart included in her EEOC complaint her January 1998 request to BTW Insurance for a job.

The primary argument raised in the motion for judgment is that there was a failure of proof on the termination claim since BTW Insurance was not the plaintiff's employer. We are forced to agree.

While the evidence adduced at trial showed that Steward was hired by BTW Insurance in 1990, she was transferred to, and was employed by, BTW Broadcasting from at least as early as 1991. There was no evidence presented from which a reasonable jury could disregard the corporate separateness of these entities. While Stewart argues that she never ceased to be an employee of BTW Insurance, the record is completely devoid of evidence from which that fact may be drawn. Her title was Controller of BTW Broadcasting, an *officer* of that corporation. She was never an officer of BTW Insurance and never performed services for that company after the transfer, other than for a training project which was abandoned. Her salary was paid by BTW Broadcasting and she was physically located at the premises of BTW Broadcasting. While she performed accounting work for another of the A. G. Gaston companies, BTW Construction, she was never employed by BTW Insurance after her 1991 transfer. Stewart's argument, that BTW Insurance was the "true agent behind [her] termination, as they (sic) made the decision to terminate Stewart instead of offering her the opportunity at the time of her termination to *transfer* to the Insurance accounting job later given to [another]," clearly supports the exact opposite

inference: Stewart could not have been an employee of, or terminated by, BTW Insurance if she had to *transfer* to that company upon her termination from the company that actually employed her, BTW Broadcasting.

Stewart also argues that all the A. G. Gaston companies should be considered to be Stewart's "joint employer," citing to cases such as Lyes v. City of Riviera Beach, 166 F.3d 1332 (11th Cir. 1999) for the proposition that where two ostensibly separate entities are highly integrated with respect to ownership and operations, they may be "counted together" under Title VII. In Lyes, the issue the Eleventh Circuit was called upon to decide was whether a "single employer" test, rather than a "joint employer" test should be used to determine whether a public entity met Title VII's jurisdictional threshold.[2] But both the single employer and joint employer tests are

---

[2] "A joint employer relationship is different from, though sometimes confused with, a 'single employer' situation." Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1359-60 n. 6 (11th Cir. 1994).

A "single employer" situation exists "where two nominally separate entities are actually part of a single intergrated (sic) enterprise so that, for all purposes, there is in fact only a 'single employer'". . . . The single employer standard is relevant when "separate corporations are not what they appear to be, that in truth they are but divisions or departments of a 'single enterprise.'"

In contrast, in a "joint employer" relationship, there is no single integrated enterprise.

Clinton's Ditch Co-Op Co., Inc. v. NLRB, 778 F.2d 132, 137 (2d Cir. 1985) (internal citations omitted).

used, not to determine who was the plaintiff actual employer, but rather to judge whether Title VII's jurisdictional requirement that an entity have a certain number of employees has been met.[3]  Thus, the employees of both companies are "counted together" for Title VII purposes if the test is met.

To determine a particular corporation's Title VII liability as an employer, once the threshold question of jurisdiction is answered, the single employer and joint employer theories are inapposite.  Rather, the principles of agency law are used. Virgo, 30 F.3d at 1362 citing Meritor Sav. Bank v. Vinson, 477 U.S. 57, 72 (1986). Under agency law, the master/principal is the entity that employs the servant/agent to perform services and who controls or has the right to control the physical conduct of the servant/agent. Restatement Agency, Second § 2. The evidence adduced at trial shows a complete failure of proof that BTW Insurance was Stewart's employer and thus liable to her on her termination claim.

Accordingly, the motion for judgment as a matter of law will be granted as to the improper termination claim.

Stewart's failure to rehire claim also fails as a matter of law.  It unquestionably

---

[3]The question of whether a defendant meets the statutory definition of employer is a threshold jurisdictional matter under Title VII. Lyes, 166 F.3d at 1340. A plaintiff must show that her "employer" had fifteen or more employees for the requisite period provided under the statute before Title VII claims can be applied. Id.

must follow that if a particular corporation, i.e. BTW Insurance, was not the plaintiff's employer, it could not have failed to *rehire* her after she was terminated by another company. In addition, there was no evidence adduced at trial that Stewart included in her EEOC complaint any reference to the January 1998 job application she filed with BTW Insurance. The failure to mention this application in the EEOC complaint is a jurisdictional bar to this court if a reasonable investigation of the EEOC charge would not encompass a failure to hire claim based on complaints about sex discrimination. Chanda v. Engelhard/ICC, 234 F.3d 1219, 1224 (11th Cir. 2000). As the EEOC and federal court complaints alleged a failure to *rehire* by her employer BTW Broadcasting, Stewart's failure to place the letter application before the EEOC bars any relief in court over a failure to *hire* claim against BTW Insurance based on that application.

We must also stress for the sake of completeness that Stewart failed to make out a prima facie case on either of these claims against BTW Insurance. Since she was not the employee of BTW Insurance, that defendant took no adverse employment action against her so as to make out a prima facie case of improper termination. As to the failure to hire/rehire claim, Stewart put on no evidence that positions were available for which she was qualified. While we recognize the Eleventh Circuit's holding in Tidwell v. Carter Products, 135 F.3d 1422, 1426 n. 1 (11th Cir. 1998)

normally bars a defendant from challenging the prima facie case once it goes forward with evidence of a legitimate non-discriminatory reason for the action, we stated specifically on the record at the close of the plaintiff's case that the defendants' Rule 50 motion was denied without prejudice and with specific leave to renew that motion at the close of all the evidence, which it did. Using 20/20 hindsight, the court should have granted the Rule 50 motion when it was first presented. Out of an abundance of caution, the court allowed the case to proceed to a conclusion hoping the jury would reach the only reasonable verdict possible given the evidence presented. Unfortunately it did not and the court's cautious approach should not now be used to punish the defendant.

     For the reasons we have stated, the motion for judgment as a matter of law is granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALDA STEWART | : | |
| | : | |
| V. | : | CV-99-W-1383-S |
| | : | |
| BOOKER T. WASHINGTON INSURANCE COMPANY and BOOKER T. WASHINGTON BROADCASTING SERVICE, INC. | : | |

## ORDER

The motion of Booker T. Washington Insurance Company for judgment as a matter of law is GRANTED.

The jury verdicts on plaintiff's claims for wrongful termination/retaliation and failure to rehire against Booker T. Washington Insurance Company are VACATED.

Judgment is ENTERED in favor of Booker T. Washington Insurance Company and Booker T. Washington Broadcasting Service, Inc. and against plaintiff Valda Stewart as to all claims.

IT IS SO ORDERED.

_____
CHARLES R. WEINER